**No. 25-20336**

# United States Court of Appeals
# for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

EITHAN DAVID HAIM,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 4:24-cr-00298-1; Hon. David Hittner

## APPELLANT'S UNOPPOSED MOTION
## FOR SUMMARY REVERSAL

Marcella C. Burke
BURKE LAW GROUP, PLLC
1000 Main Street, Suite 2300
Houston, TX 77002
marcella@burkegroup.law

Gene C. Schaerr
  *Counsel of Record*
Edward H. Trent
John Greil
Miranda Cherkas Sherrill
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Defendant-Appellant*

SEPTEMBER 29, 2025

# CERTIFICATE OF INTERESTED PERSONS
No. 25-20336
*United States of America v. Eithan David Haim*

The undersigned counsel of record certifies that the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

Defendant-Appellant:     Eithan David Haim

Current and Former
Counsel for Defendant-
Appellant:

SCHAERR | JAFFE LLP
Gene C. Schaerr (gschaerr@schaerr-jaffe.com)
Edward H. Trent (etrent@schaerr-jaffe.com)
John Greil (jgreil@schaerr-jaffe.com)
Miranda Cherkas Sherrill
  (msherrill@schaerr-jaffe.com)

Burke Law Group, PLLC
Marcella C. Burke
  (marcella@burkegroup.law)
Jeffrey A. Hall (jeff@burkegroup.law)

Haynes and Boone, LLP
Ryan Patrick
  (ryan.patrick@haynesboone.com)

Nixon Peabody, LLP
Mark D. Lytle (mlytle@nixonpeabody.com)

| | |
|---|---|
| Plaintiff-Appellee: | United States of America |

| | |
|---|---|
| Current and Former Counsel for Plaintiff-Appellee: | United States Attorney's Office, S.D. Texas |

U.S. Attorney's Office Appellate Division
  (usatxs.appellate@usdoj.gov)
U.S. Attorney's Office Financial Litigation
  (flu.usatxs-@usdoj.gov)
Daniel Hu (Daniel.hu@usdoj.gov)
John P. Pearson (john.pearson@usdoj.gov)
Tina Ansari (tina.ansari@usdoj.gov)
Tyler S. White (tyler.white2@usdoj.gov)
Jessica K. Feinstein
  (jessica.feinstein@usdoj.gov)
Lauretta D. Bahry
  (Lauretta.bahry@usdoj.gov)

| | |
|---|---|
| Other Interested Party: | Baylor College of Medicine |

| | |
|---|---|
| Counsel for Other Interested Party: | Baker Hostetler LLP |

Gregory S. Saikin (gsaikin@bakerlaw.com)
Jennifer G. Solari (jsolari@bakerlaw.com)
Patrick T. Lewis (plewis@bakerlaw.com)

| | |
|---|---|
| Other Interested Party: | Baker Hostetler, LLP |

| | |
|---|---|
| Counsel for Other Interested Party: | Baker Hostetler LLP |

Michael W. Mengis (mmengis@bakerlaw.com)
Kristin H. Luck (kluck@bakerlaw.com)

| | |
|---|---|
| Other Interested Party: | Not the Bee, LLC |

| | |
|---|---|
| Counsel for Other Interested Party: | Dhillon Law Group, Inc. |

John-Paul S. Deol (jpdeol@dhillonlaw.com)

Other Interested Party:   X Corp.

Counsel for Other
Interested Party:          Dhillon Law Group, Inc.
                          John-Paul S. Deol (jpdeol@dhillonlaw.com)

                                    */s/ Gene C. Schaerr*
                                    Gene C. Schaerr

                                    *Counsel for Defendant-Appellant*

iii

Appellant-Defendant, Dr. Eithan Haim, seeks summary reversal of the district court's unexplained denial of the joint motion to modify the protective order entered in his now-dismissed criminal case. Dr. Haim along with the United States jointly requested that the protective order be slightly modified to (1) allow Dr. Haim to share the discovery with his civil counsel (Schaerr Jaffe LLP), (2) use the information, if relevant, to pursue potential civil litigation related to the prosecution that the government (through HHS) has acknowledged was politically motivated and found to be without a factual basis, and (3) maintain all protections for patient-identifying information. There being no opposition to this relief, time being of the essence, and the district court's having offered no explanation for refusing the modest joint request, Dr. Haim makes this unopposed Motion for Summary Reversal.

## BACKGROUND

In May 2023, Dr. Haim provided patient deidentified evidence, anonymously, to show that Texas Children's Hospital was continuing to perform medical gender transition services on minors, contrary to its public statements. A year later, in May 2024, as a result of those disclosures, Dr. Haim was charged with several felony counts for

allegedly violating the Health Insurance Portability and Accountability Act (HIPAA). ROA.19-24. The original indictment falsely alleged that Dr. Haim did not have authorization to access certain patient records. ROA.22-23. When discovery proved that accusation false, a superseding indictment was obtained charging Dr. Haim with acts that are not a crime under the statute. ROA.216-221. Then, a second superseding indictment was filed alleging Dr. Haim committed acts against those who are not victims under the statute. ROA.352-357. Ultimately, on January 24, 2025, all charges against Haim were dismissed with prejudice. ROA.525.

While the original indictment was still in place, on September 24, 2024, the district court entered a protective order at the government's request prohibiting Dr. Haim from disclosing *any* discovery material provided by the government except to his criminal defense team or using that information for any purpose other than in defense of the criminal charges.[1] ROA.208-210. The order has no expiration date. *See id.*

---

[1] The United States filed an application for protective order focused exclusively on "sensitive discovery," which included information protected by HIPAA and Federal Rule of Criminal Procedure 49.1, "such as dates of birth, social security numbers, and addresses," ROA.197-198 (quoting *United States v. Carriles*, 654 F. Supp. 2d 557, 568 (W.D. Tex.

In relevant part, the district court's order provides:

**IT IS FURTHER ORDERED** that without authorization of the Court, the discovery made available by the United States to the Defendant and his attorneys of record, including Sensitive Discovery, is not to be disclosed or disseminated to anyone other than the named Defendant; Defendant's attorneys of record; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals necessary for assisting defense in the preparation and trial of this matter (collectively, "the Defense Team").

ROA.208-209. The remainder of the protective order addresses "[s]ensitive [d]iscovery" includes "contains unredacted personal health and identifying information of individuals who are not parties to the case," ROA.209-210—information that, again, would remain protected under the modification sought here. In addition to that information, the protective order covers items such as witness statements, documents that do not contain any patient identifying information, and other material and testimony from federal agents, including evidence that exonerated Dr. Haim.[2] *See* ROA.69; ECF No. 38 (sealed) [ROA.891].

---

2009)). Yet, the district court entered an order that has sealed *all* discovery, including *Brady* material. *See* ROA.208-210.

[2] The discovery produced includes, "among other things, Baylor and TCH training materials; HIPAA certifications and test results; TCH's electronic system (EPIC) access records; emails; video surveillance; hospital assignment and rotation schedules; call detail records and a

Now that the charges have been dismissed—after Dr. Haim demonstrated there was no basis for them in the first place—he desires his civil counsel (Schaerr Jaffe LLP) to evaluate the information provided in discovery to determine if he has civil claims arising from his wrongful prosecution. However, under the district court's protective order, his criminal counsel (Burke Law Group) is unable to share the discovery material with civil counsel or use the information to pursue civil claims on Dr. Haim's behalf.

To right this wrong, Dr. Haim approached the government about modifying the protective order. The government agreed. Indeed, the government proposed and then drafted a joint, unopposed motion to modify the protective order to allow Dr. Haim to share the documents with civil counsel and use the material as part of any future civil claims. ROA.526-527, 528-529.

Regarding "[s]ensitive [d]iscovery" containing patient identifying information protected by HIPAA, such material would only be released or shown to civil counsel after patient-identifying information is

---

phone audio recording," and "reports of interviews with witnesses." ROA.69.

4

redacted. *See* ROA.528-529. The parties also explained that, under the relief sought, civil counsel would not disclose or further disseminate any of the discovery materials except to their staff, consultants, or experts but they would be permitted to use the material in any court or administrative proceedings brought by Dr. Haim. ROA.528-529. In all other respects, the protective order would remain in place.

Three days later, the district court denied the motion without explanation. ROA.530. In light of the impending expiration of the statute of limitations for potential civil claims, Dr. Haim filed this appeal and seeks an expedited ruling.

## ARGUMENT

Summary disposition is necessary and proper when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *United States v. Junior Marriel*, 786 F. App'x 474, 475 (5th Cir. 2019) (per curiam). Further, "tim[ing] is truly of the essence," justifying summary reversal. *Groendyke Transp.*, 406 F.2d at 1162. Here, the United States does not oppose the relief sought, which is the same relief sought by joint motion

in the district court, and the statute of limitations on Dr. Haim's potential civil claims is running—making summary reversal appropriate.

## I. The District Court's Denying the Joint Motion Was Arbitrary and a Clear Abuse of Discretion.

There is no justifiable reason to deny the Joint Motion, and the district court's order did not provide any. *See Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 760 (5th Cir. 2024) (three-sentence order denying motion to quash discovery was abuse of discretion because it failed to provide any reasons (citing *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 556 (5th Cir. 2012))). Indeed, the baseline expectation for judicial records, including discovery information, is disclosure. *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (Fifth Circuit has directed courts to "balance the public's common law right of access against the interests favoring nondisclosure." (quoting *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993))). In light of the prosecution's dismissal, both the United States and Dr. Haim believe good cause exists to modify the protective order as requested.

Under the modification, any "sensitive discovery" would only be disclosed after redaction of patient identifying information. None of the

6

other discovery, including exculpatory *Brady* evidence, requires or justifies the ongoing restrictions, as both parties agree.

Moreover, the relief sought below carefully balances the legitimate use of discovery against the need to protect the privacy of individuals. *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449–51 (5th Cir. 2019) (finding that when the party seeking the sealing of documents "could not articulate any specific harm created by the disclosure," the district court did not abuse its discretion in denying sealing). And denying the relief sought by the Joint Motion in the now-closed criminal case prejudices Dr. Haim and is flatly contrary to rebut the "presumption in favor of access to judicial records." *8fig, Inc. v. Stepup Funny, LLC*, 135 F.4th 285, 293 (5th Cir. 2025).

Indeed, the U.S. Department of Health and Human Services found Dr. Haim's actions so commendable that it featured him as a "Whistleblower" in its groundbreaking 2025 report *Treatment for Pediatric Gender Dysphoria, Review of Evidence and Best Practices*.[3] There, HHS acknowledged that "[t]he allegations [against Dr. Haim]

---

[3] U.S. Dep't Health & Hum. Servs., *Treatment for Pediatric Gender Dysphoria: Review of Evidence and Best Practices* 193, § 11.4; 198–200, § 11.4.4 (as corrected 2025), https://tinyurl.com/2x4enzkn.

were unusual, as HIPAA violations are typically addressed through civil rather than criminal procedure. The choice to pursue criminal charges raised suspicion that the federal government's actions were retaliatory in nature."[4] As HHS further explained:

> In recent years, however, whistleblowers with firsthand experience working in gender clinic environments have come forward with compelling counterexamples [to claims of clinical gatekeeping and safety]. Their testimonies have often been dismissed, ignored, marginalized, or disparaged by colleagues. Several [including Dr. Haim] have also faced retaliation because of their disclosures.[5]

Allowing Dr. Haim's civil attorneys to review the material at issue here, moreover, will ensure that future whistleblowers will have confidence they can vindicate their rights if they are wrongfully retaliated against.[6]

## II.    This Appeal Should Be Handled on an Expedited Basis.

This appeal should be handled on an expedited basis because there is no opposition to the relief requested and because the statute of

---

[4] *Id.* at 199, § 11.4.4.

[5] *Id.* at 193, § 11.4.

[6] Further, the Department of Justice recognizes the important public interest of revealing healthcare issues "related to radical gender experimentation" and urged whistleblowers to bring civil claims exposing corruption. *See* Memorandum from Pamela Bondi, U.S. Att'y Gen. to Select Competent Heads on Preventing the Mutilation of American Children 4 (Apr. 22, 2025), https://www.justice.gov/ag/media/1402396/dl.

limitations may expire as early as January 2026 for certain of Dr. Haim's potential civil claims, a limitations period that would likely run during the normal appellate process. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (one-year statute of limitations for civil claims such as malicious prosecution, libel, slander, or other similar torts); *Swift v. U.S. Border Patrol*, 578 F. Supp. 35, 38 (S.D. Tex. 1983) (limitations period begins on the day the case was dismissed), *aff'd*, 731 F.2d 886 (5th Cir. 1984). And civil counsel will need time to review the discovery information before filing suit. Accordingly, time is of the essence.

## PARTICIPATION OF UNITED STATES

The United States does not join or take a position on Defendant's factual recitation or arguments about the criminal case. But the United States does not oppose the relief sought by Defendant here, which is the same relief requested in the Joint Motion, ROA.526-527, and as set out in the proposed order submitted with that Joint Motion, ROA.528-529.

## CONCLUSION

For the foregoing reasons, this Court should grant Appellant's Motion for Summary Reversal. In so doing, the Court should direct that the district court enter the modifications to the protective order that

Appellant and the United States jointly requested below, specifically, that:

A.   The discovery materials in the criminal case, except "Sensitive Discovery"—defined as "unredacted personal health and identifying information of individuals who are not parties to the case" (ROA.209)—may be made available to civil counsel for Dr. Haim. Civil counsel may not disclose or further disseminate any of the discovery materials in the criminal case except to their staff and their consultants or experts and for use in any court or administrative proceedings which they may bring on behalf of Dr. Haim.

B.   Discovery containing unredacted health and identifying information of patients protected by HIPAA (i.e., "[s]ensitive [d]iscovery") may not be released or shown to civil counsel unless redacted to remove such information.

Should the Court require full briefing on the issues, Dr. Haim is prepared to file his brief consistent with the Court's scheduling order.

September 29, 2025

Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr
  *Lead Counsel*
Edward H. Trent
John Greil
Miranda Cherkas Sherrill
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Marcella C. Burke
Burke Law Group, PLLC
1000 Main Street, Suite 2300
Houston, TX 77002
marcella@burkegroup.law

*Counsel for Defendant-Appellant Dr. Eithan Haim*

11

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,961 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in 14-point Century Schoolbook font.

I further certify that 1) all required redactions have been made, and 2) that this document has been scanned for viruses with the most current version of a commercial virus scanning program and is free of viruses.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

Dated: September 29, 2025